**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

|  |  |  |
|---|---|---|
| TIMOTHY E. DAMRON, | § § § § | |
| *Plaintiff*, | § | |
| v. | § § | CIVIL ACTION NO. 9:25-CV-00211-MJT-CLS |
| HOUSTON COUNTY, TEXAS; KRISTINA MASSEY, *in her individual and official capacity*; DWIGHT L. PHIFER, *in his individual and official capacity*; SARAH T. CLARK, *in her individual and official capacity*; ROGER WHITE, *in his individual and official capacity*; TERRI MEADOWS, *in her individual and official capacity*; and CLYDE BLACK, *in his individual capacity*; | § § § § § § § § § § § § § | |
| *Defendants*. | § | |

**ORDER ADOPTING THE REPORT AND
<u>RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE</u>**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the Honorable Christine L. Stetson, United States Magistrate Judge, to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. Tex. Loc. R. CV-72.

On February 11, 2026, Judge Stetson issued a Report and Recommendation [Dkt. 66] advising the Court to grant the Defendants' motions to dismiss [Dkts. 20; 36] and dismiss all of *pro se* Plaintiff Timothy Damron's claims without prejudice.[1]  Plaintiff has objected and therefore this Court will now review the Report and Recommendation.

---

[1] Judge Stetson also recommended that the Court deny a number of motions Plaintiff has filed that are improper, baseless, and otherwise noncompliant with the rules of procedure.  *See* [Dkt. 66 at 17].

### I.    Plaintiff's Filings

Plaintiff filed two versions of his Objections.  *See* [Dkts. 70; 71].  He mailed both, sending the first on February 12, 2026 [Dkt. 70 at 8] and the second on February 13, 2026 [Dkt. 71 at 7].  Both filings were received by the Clerk of Court and docketed simultaneously on February 17, 2026.  It is puzzling why Plaintiff filed two objections.  As he knows, objections "shall not exceed eight pages" and, once filed, "[n]o further briefing is allowed."  E.D. TEX. LOC. R. CV-72(c).  This issue is easily resolved, however, because upon review, Plaintiff's two filings are, as the Houston County Defendants point out in response, "essentially the same document" [Dkt. 74 at 1].  As such, the Court will STRIKE Plaintiff's subsequently filed Objections [Dkt. 71] and only consider the first filed Objections [Dkt. 70] as Plaintiff's Objections.[2]

### II.    Plaintiff's Objections

A party who timely files specific, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of findings or recommendations to which the party specifically objects.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)–(3).  To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  "Frivolous, conclusive or general objections need not be considered by the district court."  *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc).

---

[2] The first filing spans eight pages, but the eighth page contains only one sentence.  [Dkt. 70 at 8].  The Court could construe one page of the subsequent filing as page eight of Plaintiff's Objections, but there is no substance in the second document that is not in the first, so the Court need not consider any portion of the second filing.

Plaintiff levels six specific objections to the Report and Recommendation. *See* [Dkt. 70 at 2–7]. The Court will address them in order.

<u>Plaintiff's Objection I</u>

Plaintiff first objects to Judge Stetson's recommendation to dismiss all of Plaintiff's state-court-prosecution-related claims under the Court's inherent authority. [Dkt. 70 at 2]. Judge Stetson recommended such dismissal because Plaintiff has claims related to the same alleged state-court prosecution pending in the Western District of Texas, having been stayed pursuant to *Heck v. Humprey* until the prosecution concludes. *See* [Dkt. 113 at 9–10]. Plaintiff claims that Judge Stetson erred in making this recommendation because (1) his state-court prosecution has now concluded and (2) the Western District would be unable to adjudicate claims that occurred after he filed it in 2021. [Dkt. 70 at 2].

Plaintiff's first objection is overruled. As to his claim that the state-court prosecution concluded, such evidence is not before the Court for purposes of this matter. Moreover, Judge Stetson's Report and Recommendation was based on the pleadings and therefore confined to "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). This Court's *de novo* review is therefore similarly limited. And on those materials, Plaintiff's prosecution is ongoing. Thus, no claims from the prosecution have accrued except for his arrest-related ones, which remain stayed in the Western District of Texas.[3] Accordingly, the Court should, in the interest of judicial economy, not disturb the Western District's case. Judge Stetson's recommendation to dismiss Plaintiff's prosecution-related claims under this Court's inherent authority is ADOPTED. On

---

[3] They are alleged as stayed and, as of this Court's last review, are indeed stayed. *See* 5:21-CV-665-XR (W.D. Tex.).

3

Plaintiff's second point, as alleged, his other claims do not yet exist because the prosecution is ongoing. But to be sure, Plaintiff has not identified any reason he could not amend his pleading in the Western District to add his later accrued claims. His best course of action is to, as the Houston County Defendants point out, "ask[] the Western District of Texas to lift the stay in the Western District so that he could pursue his claims."[4] [Dkt. 74 at 2].

<u>Plaintiff's Objection II</u>

Plaintiff's second objection is based on his new allegation that the underlying state-court prosecution has resolved. [Dkt. 70 at 3]. As just explained, however, that fact is absent in this resolution of Defendants' Motions to Dismiss. As such, this objection is overruled. Even if the Court were to credit this allegation, the Court would still overrule Objection II. If the prosecution has concluded, the only effect is that Plaintiff's prosecution-related claims accrue. However, entertaining those claims while the arrest-related ones proceed in the Western District would create piecemeal litigation, which courts should "take 'care to avoid.'" *See Chamber of Com. v. FTC*, 732 F.Supp.3d 674, 677 (E.D. Tex. 2024). Plaintiff's suggestion for this Court to take up his allegedly newly accrued claims at this juncture would create a substantial risk of inconsistent results and severely interfere with the Western District of Texas. Although the different claims turn on conduct across a half a decade, they all rise out of the same prosecution and, based on this Court's review of Plaintiff's allegations, likely require the same issues to be resolved, such as whether there was probable cause for the initial 2019 arrest. Therefore, even if the *Heck* bar is eliminated and Judge Stetson's "alternative suggestion" to stay "is now moot," the Court finds that her recommendation to dismiss in the interest of judicial economy remains proper.

---

[4] Plaintiff claims to have filed a notice informing the Western District of his terminated prosecution [Dkt. 70 at 2], but that notice does not yet appear in that case's docket at the time of this order. Still, the best course is for this Court to dismiss the claims filed here as Plaintiff awaits whatever action the Western District takes.

<u>Plaintiff's Objection III</u>

Plaintiff objects to the recommendation that Defendant Judge Clark is entitled to judicial immunity for issuing the August 2025 capias after she recused from the prosecution against Plaintiff.  [Dkt. 70 at 4–5].  Plaintiff claims that Judge Stetson erred by measuring a "complete absence of all jurisdiction" for judicial-immunity purposes "by the court's jurisdiction, not the individual judge's authority."  [*Id.* at 4].  If that is the standard, claims Plaintiff, "then a recused judge could sign orders, issue warrants, and impose sentences with complete impunity because the court's subject-matter jurisdiction is never affected by an individual judge's recusal."  [*Id.*]

While such a concern is not unfounded, the doctrine of judicial immunity is indeed that broad.  *See Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351 (1872)) ("[T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge.  A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority.").  Here, Judge Clark issuing orders "to arrest and imprison [Plaintiff] and requiring [Plaintiff's] payment of a money judgment are clearly acts normally performed by a judge," *Ballard v. Wall*, 413 F.3d 510, 516 (5th Cir. 2005), and the court on which she sits had jurisdiction to issue the capias in Plaintiff's misdemeanor prosecution, TEX. GOV'T CODE §§ 25.1152(a), 25.0003(a), 26.045; TEX. CODE CRIM. PROC. arts. 4.01.7, 23.01(1).  Judge Clark is entitled to absolute judicial immunity for the capias, even though she had recused.  *See Kemp ex rel. Kemp v. Perkins*, 324 F. App'x 409, 411–13 (5th Cir. 2009); *see also Brandley v. Keeshan*, 64 F.3d 196, 201 (5th Cir. 1995) (extending judicial immunity to judge who sentenced defendant to death after the judge recused from the case because the recusal "d[id] not suffice to support the contention that [the judge] acted outside the scope of his judicial role such that he lost his absolute immunity"), *abrogated on other grounds*

*by*, *Wallace v. Kato*, 549 U.S. 384 (2007) (holding that false-arrest actions accrue once detention begins, not upon favorable termination).

Plaintiff's Objection IV

Plaintiff's fourth objection is overruled as frivolous.  *See* [Dkt. 70 at 5–6].  This objection errs the Report and Recommendation for "treat[ing] the underlying prosecution as a legitimate state proceeding warranting federal deference," which "ignore[d] [Plaintiff's] well-pleaded allegations and record evidence establishing that the prosecution itself was the product of affirmative fraud."  [*Id.* at 5].  Plaintiff's allegations, as explained, show that the prosecution is ongoing in a state court.  That alone, absent clear evidence, precludes this Court, as a federal court, from entertaining Plaintiff's allegation that the whole proceeding is illegitimate.  This Nation fosters "a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States."  *Younger v. Harris*, 401 U.S. 37, 44 (1971).  The courts of the Republic are instructed that "comity" is best served by "a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways."  *Id.*  This objection is not a legitimate point of error.[5]

---

[5] Furthermore, upon a *de novo* review of the properly considered materials here, Plaintiff never alleged that the whole prosecution was an illegitimate proceeding.  He avers that it is unfounded because the evidence it is based on was allegedly found to be exculpatory [Dkt. 17 at 6, 8, 9], but such allegations are part and parcel of his false-arrest-related claims, which, as explained, this Court should not pass any judgment on (and which are time-barred in this action).  Objection IV is not well-taken.

Plaintiff's Objection V

The success of Plaintiff's fifth objection depends on this Court finding Defendant Judge Clark not entitled to judicial immunity. *See* [Dkt. 70 at 6]. This Court has found Judge Clark entitled to judicial immunity for the August 2025 capias, however, and so without an underlying constitutional violation for which Houston County could be liable, Plaintiff's *Monell* claim fails. Objection V is overruled.

Plaintiff's Objection VI

Plaintiff's final objection is to the recommended denial of numerous motions he filed. [Dkt. 70 at 7]. Judge Stetson recommended denying these motions because they all ask for relief related to the state-court prosecution of Plaintiff.[6] [Dkt. 66 at 10 n.14]. Plaintiff objects that his motions "are not duplicative of the original prosecution claims; they constitute separate constitutional injuries arising from new conduct." [Dkt. 70 at 7]. While some of these motions do raise new instances of alleged civil-rights violations, this "new conduct" all occurs within the context of the State of Texas's prosecution against Plaintiff. Thus, in line with the other prosecution-related claims, these motions should be dismissed under the Court's inherent authority as well. And as Judge Stetson noted [Dkt. 66 at 9 n.13], which this Court confirmed, the Western District of Texas even ruled on a similar request for relief Plaintiff filed there concerning this "six-year-old misdemeanor charge," further supporting this Court's decision to not entertain his prosecution-related claims at this time.[7]

---

[6] Judge Stetson also recommended denial of these motions because they are "improper." Upon review, these motions are indeed largely improper. Most of them bear two case captions, this case's and Plaintiff's parallel habeas proceedings, and Plaintiff explicitly "file[s] [them] in both related cases." *See, e.g.* [Dkts. 54; 55; 58]. These motions fail to comply with the requirements of form under the rules of procedure. *See* FED. R. CIV. P. 7(b)(2); FED. R. CIV. P. 10(a); E.D. TEX. LOC. R. CV-7(a); E.D. TEX. LOC. R. CV-10(a)(1), (2).

[7] Though not part of the pleadings, if the Court accepted Plaintiff's new allegation that the prosecution concluded as true, then all these motions would be moot insofar as they seek declarations and injunctions related to the proceedings.

**III. Order**

Plaintiff's Objections [Dkt. 70] are OVERRULED.

The Report and Recommendation [Dkt. 66] is ADOPTED.  All Plaintiff's claims are DISMISSED WITHOUT PREJUDICE and his various motions [Dkts. 37; 38; 48; 53; 54; 55; 58] are DENIED.

Defendant Judge Phifer's Motion to Dismiss [Dkt. 20] is GRANTED.

The Houston County Defendants' Motion to Dismiss [Dkt. 36] is GRANTED.

A final judgment will be entered.

**SIGNED this 27th day of February, 2026.**


_____

Michael J. Truncale
United States District Judge